IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 09-CR-30188-MJR |
| VICTOR L. CANADA, (Inmate # 08551-025), | ) | |
| Defendant. | ) | |

ORDER

REAGAN, District Judge:

The current procedural posture of this case is unusual and in need of clarification regarding Defendant Canada's eligibility for a sentence reduction.

In July 2010, Victor L. Canada was sentenced in this Court to 60 months in prison on Count 1 of an indictment charging him with possession with intent to distribute cocaine base ("crack") within 1,000 feet of a school. Passage of the Fair Sentencing Act of 2010, Pub. L. No. 111-120, 124 Stat. 2372 (2010), required the United States Sentencing Guidelines to be brought into conformity with substantive provisions reducing the criminal penalties for certain crack cocaine offenses. The result was Amendment 750 to the United States Sentencing Guidelines, which took effect on November 1, 2011, and will be applied retroactively.

On July 20, 2011, Chief Judge David R. Herndon issued Administrative Order 137. Pursuant to Administrative Order 137, the Federal Public Defender's Office for the Southern District of Illinois has been authorized to enter its appearance on behalf of any indigent defendant who files a motion for reduction of sentence under Amendment 750. Defendant Canada has never filed such a motion, but because he is represented by the Federal Public

Defender's Office, Assistant Federal Public Defender Todd M. Schultz reviewed Canada's sentence, as did the Probation Office, and concluded that Canada is not eligible for a sentence reduction because his statutory mandatory minimum sentence is 60 months. *See* Doc. 42. Consequently, Schultz did not file a formal motion for reduction of sentence on Canada's behalf. Shultz has now been granted leave to withdraw as counsel for Defendant Canada.

Because there is no motion before the Court, the Court need not take any further action in this case. However, as directed in the Court's Order dated January 26, 2012, Defendant Canada may respond to the Order terminating Schultz as counsel of record, as the Court remains open to reappointing the Federal Public Defender if Canada desires to file a motion for reduction of sentence. The Court expresses no opinion regarding the merits of the evaluations offered by Schultz and the Probation Office, or to the applicability of Amendment 750 to Canada's sentence.

The Court directs the Clerk of Court to transmit copies of this Order to the United States, Assistant Federal Public Defender Todd M. Schultz, and directly to Defendant Canada at his last known address:

Victor L. Canada
Reg. No. 08551-025
FCI Butner Medium I
Federal Correctional Institution
P.O. Box 1000
Butner, NC 27509

IT IS SO ORDERED.

DATED: January 26, 2012

s/ *Michael J. Reagan*
MICHAEL J. REAGAN
UNITED STATES DISTRICT JUDGE